# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### Case No. 3:24-CV-00894-FDW-SCR

_____

|  |  |
|---|---|
| TAYLOR OSBORNE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) |
|  | ) |
|  | ) |
| TRANSPLACE TEXAS, LP; | ) |
| TRANSPLACE TEXAS, LP GROUP | ) |
| LONG-TERM DISABILITY INCOME | ) |
| INSURANCE PLAN; UBER FREIGHT | ) |
| US LLC; VOYA FINANCIAL, INC.; | ) |
| RELIASTAR LIFE INSURANCE | ) |
| COMPANY; TRANSPLACE TEXAS, LP | ) |
| GROUP LONG-TERM DISABILITY | ) |
| INCOME INSURANCE PROGRAM; and | ) |
| UBER FREIGHT HEALTH AND WELFARE | ) |
| BENEFITS PLAN, | ) |
|  | ) |
| Defendants. | ) |

_____ )

## FIRST AMENDED COMPLAINT

### PRELIMINARY STATEMENT[1]

Taylor Osborne ("Plaintiff") brings this ERISA action against Transplace Texas, LP

("Transplace"), the Transplace Texas, LP Group Long-Term Disability Income Insurance Plan

("Transplace Plan"), Transplace Texas, LP Group Long-Term Disability Income Insurance

Program ("Transplace Program"), Uber Freight Health and Welfare Benefits Plan ("Uber Plan")

---

[1]This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

(collectively, the Transplace Plan, Transplace Program, and Uber Plan are referred to as the "Plan"), Uber Freight US LLC ("Uber"), Voya Financial, Inc. ("Voya Financial"),[2] and ReliaStar Life Insurance Company ("ReliaStar") to secure benefits to which Plaintiff is entitled under the Plan, which is administered by Voya Financial and ReliaStar. Ms. Osborne is covered under the Plan by virtue of her employment with Transplace and Uber, the sponsors of the Plan.

<u>PARTIES</u>

1.      Plaintiff is a citizen and resident of North Carolina.

2.      Defendant Transplace is a properly organized business entity doing business in the state of North Carolina.

3.      Defendant Uber is a properly organized business entity doing business in the state of North Carolina.

4.      Defendant Voya Financial is a properly organized business entity doing business in the state of North Carolina.

5.      Defendant ReliaStar is a properly organized business entity doing business in the state of North Carolina, and it is a member of the Voya family of companies.

6.      The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Transplace and Uber sponsored and maintained the Plan. Transplace and Uber are the plan administrators for the Plan under ERISA because they are named as the plan administrator in the Plan or, alternatively, they are the employers sponsoring the Plan and therefore are the default plan administrators under ERISA § 3(16), 29 U.S.C. § 1002(16).

---

[2] Plaintiff voluntarily dismissed Voya Financial, Inc. from this litigation on December 5, 2024. Dkt.#11. Plaintiff has left Voya Financial in the case style and in this First Amended Complaint simply for the sake of continuity of

<u>JURISDICTION AND VENUE</u>

7.     This action is brought to secure benefits due Plaintiff under the Plan; to clarify Plaintiff's rights under the Plan; for appropriate equitable relief; on account of Defendant Transplace's and Defendant Uber's failure to provide Plan documents; and for attorneys' fees and costs.

8.     This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims arise under the laws of the United States.  Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

9.     Venue in the Western District of North Carolina is appropriate by virtue of Defendants doing business and being found in this District.

<u>FACTUAL ALLEGATIONS</u>

10.     At all times relevant to this action, Plaintiff has been a participant in the Plan by virtue of her employment with Defendant Transplace and Defendant Uber.

11.     The Plan is a group long-term disability income insurance plan providing long-term disability benefits to employees of Defendant Transplace and Defendant Uber.

12.     Defendant Transplace and Defendant Uber maintain the Plan, which covers its employees.

13.     The benefits promised by the Plan are fully insured through an insurance policy underwritten by Defendants Voya Financial and ReliaStar.

14.     Upon information and belief, under the terms of the Plan, Defendants Voya Financial and ReliaStar administer the Plan and have authority to approve coverage and to grant or deny benefits.

---

the pleadings.  Plaintiff is not altering her prior voluntary dismissal of Voya Financial, Inc.

15.     Defendants Voya Financial and ReliaStar administer the Plan and have a fiduciary obligation to Plaintiff to administer the Plan fairly, to timely and correctly approve coverage for participants who elect coverage, and to determine eligibility for benefits according to the terms of the Plan.

16.     Upon information and belief, under the terms of the Plan, Defendant Transplace and Defendant Uber administer the Plan, including processing employees' enrollment in the Plan.  Defendant Transplace and Defendant Uber also have authority to approve coverage and to grant or deny benefits.

17.     Defendant Transplace and Defendant Uber have a fiduciary obligation to Plaintiff to administer the Plan fairly, to timely and correctly enroll participants who elect coverage, and to determine eligibility for benefits according to the terms of the Plan.

18.     Plaintiff, a 30-year-old woman, began working for Defendant Transplace as a logistics specialist in or around December 2018.

19.     As part of Plaintiff's benefits package with Defendant Transplace, Transplace offered Plaintiff the opportunity to participate in the Plan and receive long-term disability insurance coverage.

20.     In June 2020, Plaintiff filled out all required forms provided to her by Defendant Transplace to enroll in the Plan and began paying for the long-term disability insurance coverage.  Under the Plan terms, Plaintiff should have been enrolled in and started participating in the Plan soon after she completed the enrollment forms provided by Defendant Transplace.

21.     Because Plaintiff filled out all required forms provided to her by Defendant Transplace to enroll in the Plan, and because Defendant Transplace represented that the Plan was

part of Plaintiff's benefits package, Plaintiff relied upon Defendant Transplace's representations that Plaintiff was participating in the Plan and had long-term disability insurance coverage.

22.     Upon information and belief, around the time Plaintiff completed the enrollment forms provided by Defendant Transplace, Defendants Voya Financial and ReliaStar began accepting premiums for Plaintiff's participation in the Plan and thereby determined Plaintiff was an eligible participant in the Plan and had long-term disability insurance coverage.

23.     In or about September 2020, Plaintiff underwent surgery for a hip replacement. Plaintiff returned to work in October 2020.

24.     In or about February 2021, Plaintiff was diagnosed with chronic pain syndrome due to ongoing nerve pain and nerve damage related to her prior hip surgery.

25.     Plaintiff worked for Defendant Transplace until on or about August 12, 2021. On that date, Plaintiff's medical impairments became so severe that she could no longer work, and she was forced to leave her employment.

26.     Because she was no longer able to work as a result of her medical impairments, Plaintiff was granted and received short-term disability benefits for approximately three (3) months.

27.     In or about November 8, 2021, Plaintiff expected to transition to long-term disability benefits because she was still unable to work as a result of her medical impairments, she had previously enrolled in the Plan, and she had consistently been paying the required premiums for the Plan.

28.     On or about December 29, 2021, Plaintiff received information from Defendants Voya Financial and ReliaStar, the long-term disability insurance provider, stating that her claim

for long-term disability benefits had been denied due to her failure to complete an "Evidence of Insurability" form at the time of her enrollment in the Plan.

29.     On or about December 29, 2021, Defendants Voya Financial and ReliaStar informed Defendant Transplace that Plaintiff's long-term disability coverage was being rescinded due to Plaintiff's failure to provide Evidence of Insurability at the time she enrolled in the Plan, and that Plaintiff's premiums should be returned to her.

30.     After her claim for long-term disability benefits was denied, Plaintiff sought information from Defendant Transplace about her prior enrollment in the Plan. Defendant Transplace eventually informed Plaintiff that she was not enrolled in the Plan due to her failure to complete an Evidence of Insurability form at the time of her enrollment in the Plan. However, at the time of her enrollment in the Plan, Defendants failed to inform Plaintiff of the Evidence of Insurability requirement and failed to provide Plaintiff an Evidence of Insurability form.

31.     On or about January 12, 2022, Plaintiff submitted an appeal of the denial of her long-term disability benefits to Defendants Voya Financial and ReliaStar. Plaintiff explained in the appeal that her employer failed to provide her with an Evidence of Insurability form at the time she enrolled in the Plan in June 2020.

32.     Thereafter, on or about February 7, 2022, Defendants Voya Financial and ReliaStar again denied Plaintiff's long-term disability benefit claim due an eligibility issue, specifically, the failure to "complete the Evidence of Insurability process required by a late enrollee."

33.     Despite evidence showing that Plaintiff should have been enrolled in the Plan in June 2020, the Plan has refused to allow Plaintiff to be retroactively enrolled to the date of her enrollment due to Defendant Transplace's failure to provide her an Evidence of Insurability form

and due to Defendants Voya Financial and ReliaStar's failure to timely determine that Plaintiff was ineligible for benefits absent a completed Evidence of Insurability form.

34. Had Defendant Transplace provided Plaintiff an Evidence of Insurability form and properly and timely enrolled Plaintiff in the Plan, Plaintiff would have been eligible for long-term disability benefits on or about June 2020.

35. Had Defendants Voya Financial and ReliaStar timely notified Plaintiff that she might be ineligible for benefits due to the absence of a completed Evidence of Insurability form, rather than simply accepting Plaintiff's long-term disability premiums, Plaintiff could have submitted a completed Evidence of Insurability form and Plaintiff would have been eligible for long-term disability benefits on or about June 2020.

36. During the time Plaintiff was employed by Defendant Transplace and should have been covered by the Plan, Plaintiff unexpectedly went out of work due to ongoing medical impairments that caused her to be disabled and prevented her from performing the material and substantial duties of her regular occupation.

37. Plaintiff was denied long-term disability benefits that should have been paid by the Plan had Defendant Transplace properly enrolled Plaintiff in the Plan.

38. Plaintiff was denied long-term disability benefits that should have been paid by the Plan had Defendants Voya Financial and ReliaStar properly determined Plaintiff's eligibility for enrollment in the Plan.

39. Plaintiff was denied long-term disability benefits as a result of Defendant Transplace's failure to properly enroll her in the Plan.

40. Plaintiff was denied long-term disability benefits as a result of Defendants Voya Financial and ReliaStar failure to timely determine Plaintiff's eligibility for enrollment in the Plan.

41. Plaintiff previously contacted Defendants seeking assistance to enroll in the Plan so that her long-term disability benefits would be paid, but Defendants have failed to resolve these outstanding issues or otherwise make Plaintiff whole.

42. In or about January 2022, Defendants last communicated with Plaintiff about her long-term disability benefits and the Evidence of Insurability requirements. To the extent required under law, Plaintiff exhausted her administrative remedies and her claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132. In the alternative, Plaintiff's use of administrative remedies or further use of administrative remedies was and would have been futile, given that Defendants have refused to resolve outstanding issues related to enrolment in the Plan or otherwise make Plaintiff whole.

43. On or about February 11, 2022, Plaintiff wrote to Defendant Transplace, the listed plan administrator under ERISA for the Plan, and requested a copy of all the documents for the Plan.

44. Defendant Transplace received Plaintiff's request and on or about March 1, 2022, Defendant Transplace mailed Plaintiff some documents related to the Plan.

45. Plaintiff is entitled to all of the requested documents under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

46. Defendant Transplace has failed to provide Plaintiff with all of the requested documents.

47.     Defendant Transplace has not provided Plaintiff with any reasons for its failure to provide all of the requested Plan document to which Plaintiff is entitled under ERISA.

48.     Plaintiff has been harmed by Defendant Transplace's failure to provide the requested Plan documents in that, among other things, Plaintiff has not received all the information to which she is entitled under ERISA and has had to prosecute her claim through the administrative process and litigation without such information.

49.     In 2022, Transplace merged into Uber such that Uber became the successor of Transplace.  Plaintiff was employed by Uber and on information and belief, Uber became plan sponsor for the Plan and maintained the Plan.

50.     Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

      a.     Plaintiff has been wrongfully denied long-term disability benefits;

      b.     Defendants failed to accord proper weight to the evidence in the administrative record; and

      c.     Defendants have violated their contractual obligation to furnish long-term disability benefits to Plaintiff.

FIRST CLAIM FOR RELIEF:
WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

51.     Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

52.     Defendants have wrongfully denied long-term disability benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

      a.     Defendants refused or otherwise failed to timely and properly enroll Plaintiff in the Plan;

b.     Defendants refused or otherwise failed to timely and properly determine Plaintiff's eligibility for participation in the Plan.

c.     Defendants refused or otherwise failed to retroactively enroll Plaintiff in the Plan;

d.     Plaintiff has been wrongfully denied long-term disability benefits;

e.     Defendants refused or otherwise failed to accord proper weight to the evidence in the administrative record; and

f.     Defendants have violated their contractual obligation to furnish long-term disability benefits to Plaintiff.

SECOND CLAIM FOR RELIEF:
OTHER APPROPRIATE EQUITABLE RELIEF, 29 U.S.C. § 1132(a)(3)

53.     Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

54.     Pursuant to Federal Rule of Civil Procedure 8, Plaintiff pleads this claim for relief in the alternative to her first claim for relief, to the extent such claims are inconsistent.

55.     Defendants Transplace and Uber are fiduciaries and breached their duties to Plaintiff by failing to enroll her in the Plan properly.

56.     Defendants Transplace and Uber misrepresented to Plaintiff that Plaintiff would be enrolled in the Plan in conjunction with her election to enroll in the Plan.

57.     Defendants Voya Financial and ReliaStar are fiduciaries and breached their duties to Plaintiff by failing to timely and properly determine Plaintiff's eligibility for participation in the Plan, despite accepting premiums paid for Plaintiff's participation in the Plan.

58.     Plaintiff reasonably relied on the information (or lack of information) provided by Defendants and their employees and contractors regarding her enrollment in the Plan, including

Defendants' acceptance of premium payments for Plaintiff's participation in the Plan. Such reliance was to Plaintiff's detriment, in that Plaintiff has been denied long-term disability benefits because of such misrepresentations.

59.     Plaintiff was prejudiced by the information (or lack of information) provided by Defendants and their employees and contractors regarding her enrollment in the Plan, in that Plaintiff has been denied long-term disability benefits because of such misrepresentations.

60.     Plaintiff has suffered harm by the conduct of Defendants as alleged herein in that she is not receiving the value of the long-term disability benefits she paid for as represented to her by Defendants. Plaintiff has suffered harm because of the misrepresentations made to her regarding her enrollment in and eligibility for the Plan.

61.     Plaintiff is entitled to equitable relief:

>    a.      enjoining Defendants Transplace, Uber, Voya Financial, and ReliaStar from reducing Plaintiff's benefits under the Plan, including all long-term disability benefits promised to Plaintiff had Defendants Transplace and Uber timely enrolled her in the Plan;

>    b.      requiring that Defendants Transplace, Uber, Voya Financial, and ReliaStar retroactively enroll Plaintiff in the Plan in conjunction with her enrollment date such that Plaintiff can submit claims to the Plan;

>    c.      equitably estopping Defendants Transplace, Uber, Voya Financial, and ReliaStar from denying Plaintiff her full benefits under the Plan, including coverage for all past and future long-term disability benefits;

>    d.      reforming the Plan to comply with the representations made by Defendants Transplace, Uber, Voya Financial, and ReliaStar to Plaintiff

regarding the Plan and the benefits Plaintiff was to receive under the Plan;

e.      surcharging Defendants Transplace, Uber, Voya Financial, and ReliaStar for the costs of the long-term disability benefits Plaintiff has been denied and that should have been covered by the Plan;

f.      enjoining Defendants Voya Financial and ReliaStar from reducing Plaintiff's benefits under the Plan, including all long-term disability benefits promised to Plaintiff had Defendants Voya Financial and ReliaStar timely determined her eligibility for participation in the Plan;

g.      requiring that Defendants Voya Financial and ReliaStar honor their prior eligibility determination in conjunction with the date they began accepting her premiums such that Plaintiff can submit claims to the Plan;

h.      granting Plaintiff restitution for long-term disability benefits she has been denied as a result of Defendant Transplace's, Defendant Uber's, Defendant Voya Financial's, and Defendant ReliaStar's failure to timely enroll her and determine her eligibility for participation in the Plan; and

i.      Grant equitable relief such that Defendants are not unjustly enriched as a result of their conduct as described herein.

j.      Other appropriate declaratory, injunctive, and equitable relief.

**THIRD CLAIM FOR RELIEF:**
**ATTORNEY'S FEES UNDER ERISA § 502, 29 U.S.C. § 1132**

62.     Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

63.     Plaintiff is entitled to her attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

<u>FOURTH CLAIM FOR RELIEF:</u>
<u>STATUTORY DAMAGES FOR FAILURE TO PRODUCE DOCUMENTS</u>
<u>REQUIRED BY ERISA §§ 104 and 502, 29 U.S.C. §§ 1024 and 1132</u>

64.     Plaintiff reincorporates and realleges the foregoing allegations as if fully set forth herein.

65.     Defendants Transplace and Uber have failed and refused to timely provide Plaintiff with documents she requested and to which she is entitled under ERISA § 104(b)(4), 29 USC § 1024(b)(4).

66.     Plaintiff is entitled to recover statutory damages from Transplace and Uber, calculated at the rate of $110 per day, from thirty days after the date Transplace received Plaintiff's request for the documents, and continuing until the correct documents are produced, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) and ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).

WHEREFORE, Plaintiff prays that the Court grant her the following relief:

1.     Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to benefits under the terms of the Plan for all long-term disability benefits denied, and that Defendants be ordered to provide long-term disability benefits under the Plan;

2.     Grant Plaintiff injunctive and declaratory relief providing that she is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of her disabling medical conditions;

3.     Grant Plaintiff equitable relief:

        a.     enjoining Defendants Transplace, Uber, and ReliaStar from reducing
                Plaintiff's benefits under the Plan, including all long-term disability

benefits promised to Plaintiff had Defendants Transplace and Uber timely enrolled her in the Plan;

b.    enjoining Defendants Voya Financial and ReliaStar from reducing Plaintiff's benefits under the Plan, including all long-term disability benefits promised to Plaintiff had Defendants Voya Financial and ReliaStar timely determined her eligibility for participation in the Plan;

c.    requiring that Defendants Transplace, Uber, and ReliaStar retroactively enroll Plaintiff in the Plan in conjunction with her enrollment date such that Plaintiff can submit claims to the Plan;

d.    requiring that Defendants Voya Financial and ReliaStar honor their prior eligibility determination in conjunction with the date they began accepting her premiums such that Plaintiff can submit claims to the Plan;

e.    equitably estopping Defendants from denying Plaintiff her full benefits under the Plan, including coverage for all long-term disability benefits promised to Plaintiff;

f.    reforming the Plan to comply with the representations made by Defendants to Plaintiff regarding the Plan and the benefits Plaintiff was to receive under the Plan;

g.    surcharging Defendants for the costs of the long-term disability benefits Plaintiff has been denied and that should have been covered by the Plan;

h.    granting Plaintiff restitution for loss of long-term disability benefits she has incurred as a result of Defendant Transplace's and Defendant Uber's failure to timely enroll her in the Plan;

i.      granting Plaintiff restitution for loss of long-term disability benefits she has incurred as a result of Defendant Voya Financial's and Defendant ReliaStar's failure to timely determine her eligibility for participation in the Plan;

j.      granting equitable relief such that Defendants are not unjustly enriched as a result of their conduct as described herein; and

k.      Other appropriate declaratory, injunctive, and equitable relief.

4.      Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of this action pursuant to ERISA § 502(g);

5.      Enter an order awarding Plaintiff the costs of this action, pre-judgment interest and, to the extent applicable, post-judgment interest;

6.      Grant Plaintiff declaratory and injunctive relief finding that she is entitled to statutory damages for Defendants Transplace and Uber's failure and refusal to timely provide Plan documents, as required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and imposing such relief; and

7.      Enter an award for such other and further relief as may be just and appropriate.

Dated this 28th day of December 2024.

Respectfully Submitted,

*/s/ Bryan L. Tyson*
*/s/ Hannah Auckland*
Bryan L. Tyson (N.C. Bar No. 32182)
Hannah Auckland (N.C. Bar No. 35953)
Marcellino & Tyson, PLLC
2200 East 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
hauckland@yourncattorney.com

**Attorneys for Plaintiff Taylor Osborne**